E-FILED
Thursday, 16 April, 2026  02:50:10 PM
Clerk, U.S. District Court, ILCD

IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KEVIN MARS,<br>　　　Plaintiff,<br><br>v.<br><br>STEVEN CAMPBELL, *et al.*,<br>　　　Defendants. | Case No. 3:26-cv-03048-JEH |

### Merit Review Order

Plaintiff, proceeding *pro se* and currently incarcerated at Vandalia Correctional Center, filed a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights while he was incarcerated at Graham Correctional Center. (Doc. 1). This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

### I

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 F. App'x 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II

Plaintiff files suit against Placement Officer Patrick, Counselor Lanthrip, and Wardens Steven Campbell and Danessa Armstrong.

On approximately May 1, 2025, Defendant Patrick allegedly threatened to fire Plaintiff from his job in horticulture unless he rescinded the grievance he filed against him on April 16, 2025. Plaintiff alleges he filed a grievance against Defendant Patrick based on his failure to assign a porter job and program assignment concurrently. Plaintiff alleges Defendant Patrick denied him a job opportunity for "ESPC earned good time." (Doc. 1 at p. 5).

Plaintiff alleges Defendants Campbell, Armstrong, and Lanthrip are liable for the actions of subordinates based on their supervisory roles. Plaintiff alleges his grievances were ignored and not investigated.

Plaintiff references a "retaliatory transfer" and an "institutional transfer," but his allegations are too vague to state a claim. *Id.* at pp. 6-7.

## III

Once a state awards good time credits to an inmate, the inmate has "a constitutionally-protected liberty interest in being released from prison before the end of his term . . . ." *Figgs v. Dawson*, 829 F.3d 895, 906 (7th Cir. 2016); *see also Hamilton v. O'Leary*, 976 F.2d 341, 344 (7th Cir. 1992) ("Illinois state prisoners have a statutory right to receive good time credits, and such a state-created entitlement to good time credits is a liberty interest protected by the Fourteenth Amendment.") (internal citation omitted)).

A "state may not deprive inmates of [earned] good-time credits without following constitutionally adequate procedures to ensure that the credits are not arbitrarily rescinded." *Meeks v. McBride*, 81 F.3d 717, 719 (7th Cir. 1996); *see also Wolff v. McDonnell*, 418 U.S. 539, 557 (1974) ("But the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for

2

major misconduct, the prisoner's interest has real substance and is sufficiently embraced within Fourteenth Amendment 'liberty' to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated."); *Webb v. Anderson*, 224 F.3d 649, 651–52 (7th Cir. 2000).

That being said, good time credits that have yet to be awarded, or parole that is promised in the future but is entirely discretionary, are not liberty interests protected by the Due Process Clause. *Montgomery v. Anderson*, 262 F.3d 641, 644–45 (7th Cir. 2001). Plaintiff does not allege that his good time credits were revoked; he alleges that he was denied the opportunity to earn good time credits. As a result, Plaintiff fails to state a due process claim. *See Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) (holding that a "deprivation of the opportunity to earn good time credits . . . is not a constitutional violation"); *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996) ("[A prisoner] has no due process interest in the opportunity to earn good time credits.") (citing *Sandin v. Conner*, 515 U.S. 472, 487 (1995) (holding that if "the State's action will inevitably affect the duration of [the] sentence," there is due process protection, but there is no such protection for an action that merely might affect the duration of the sentence)). Plaintiff fails to state a claim against Defendant Patrick.

There is no *respondeat superior* under § 1983. In other words, Defendants Campbell, Armstrong, and Lanthrip cannot be liable based only on their supervisory positions. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). To the extent Plaintiff is alleging that Defendants mishandled his grievances, he fails to state a claim. The denial or mishandling of a grievance is not enough to establish a constitutional

violation. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). "[A] high-level official typically cannot be roped into a constitutional claim merely by denying a grievance concerning a 'completed act of misconduct.'" *Smith v. Engelage*, 2020 WL 5369886, at *4 (S.D. Ill. Sept. 8, 2020) (quoting *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007)). Plaintiff fails to state a claim against Defendants Campbell, Armstrong, and Lanthrip.

Finally, Plaintiff alleges he is seeking to proceed on breach of implied contract, breach of fiduciary duty, negligence, and intentional infliction of emotional distress. (Doc. 1 at p. 7). These claims arise under state law. A district court is not required to exercise supplemental jurisdiction over state law claims. 28 U.S.C. § 1367(c)(3). Any potential state law claims Plaintiff has alleged are dismissed without prejudice.

Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its**

entirety. **The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **The Clerk is directed to send Plaintiff a blank Section 1983 complaint form.**

*It is so ordered.*

Entered: April 16, 2026

s/Jonathan E. Hawley
U.S. District Judge

5